UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LAMONT BOONE,** : |  |
|     **Plaintiff,** : |  |
| : |  |
| **v.** : | No. 21-cv-5364 |
| : |  |
| **JOHN WETZEL,** *et al.*, : |  |
|     **Defendants.** : |  |

**<u>MEMORANDUM</u>**

**Joseph F. Leeson, Jr.**                                                                                     **March 28, 2022**
**United States District Judge**

      Plaintiff Lamont Boone, a convicted prisoner incarcerated at SCI-Phoenix, brings this *pro se* civil action in which he asserts constitutional claims pursuant to 42 U.S.C. § 1983 arising from a bus accident in which he sustained injuries, as well as from the medical care he required for those injuries. Boone seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Boone leave to proceed *in forma pauperis*, dismiss his Amended Complaint in part with prejudice and in part without prejudice,[1] and give Boone an opportunity to file a second amended complaint as to certain claims.

---

[1] In December 2021, the Court received three Complaints filed by Boone in which he raised constitutional claims in connection with the bus accident that injured him. Since it appeared that Boone "may have intended to bring one lawsuit in connection with the bus accident but named multiple defendants in separate pleadings, causing three versions of his Complaint to be docketed in separate civil actions," and since the cases arose from the same set of events, the Court consolidated them under this civil action and directed Boone to file a comprehensive Amended Complaint so that his allegations were contained in the same pleading and it was clear whom he intended to sue. (ECF No. 5.) The Court also directed Boone to file a certified copy of his prison account statement for the six-month period prior to filing this civil action in accordance with 28 U.S.C. § 1915(a)(2). (*Id.*) After being given an extension of time, (ECF No. 7), Boone complied with the Court's Order. His Motion to Proceed *In Forma Pauperis*, Prisoner Trust Fund Account Statement, and Amended Complaint are currently pending before the Court. (ECF Nos. 8-10.)

1

I.     **FACTUAL ALLEGATIONS**[2]

Boone's Amended Complaint names the following Defendants: (1) Secretary of Correction George Little, mistakenly identified as Gregory Little;[3] (2) the SCI-Phoenix Medical Department; and (3) Jamie Sorber, Superintendent of SCI Phoenix, mistakenly identified as "Pa. DOC Sec." (Am. Compl. at 1-3.)[4] Little and Sorber are both sued in their individual and official capacities. (*Id.* at 2-3.)

Boone alleges that on October 30, 2020, he was being transported from SCI-Camp Hill to SCI-Phoenix on a bus. (*Id.* at 7.) Boone's hands and feet were shackled while he was on the bus, and he was not wearing a seatbelt because the bus lacked seat belts. (*Id.* at 7-8.) Boone alleges that when the bus backed out of the garage, it "immediately beg[a]n making loud noises as if coming from the drivers side wheel" and a "strong vibration . . . shocked the entire bus." (*Id.* at 7.) Accordingly, the bus looped around and returned to the garage. (*Id.*) When the bus "attempted to leave the garage a second time the noise and vibrations increased." (*Id.* at 8.)

---

[2] The following allegations are taken from the Amended Complaint, which is the governing pleading in this matter. *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted); *see also Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (*per curiam*) (explaining that "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings").

[3] George Little was named the Acting Secretary of Corrections in October 2021. *Department of Corrections*, *Secretary of Corrections*, https://www.cor.pa.gov/Pages/Secretary%20of%20Corrections.aspx (last accessed Mar. 25, 2022).

[4] The Court adopts the pagination supplied by the CM/ECF docketing system.

The bus nevertheless proceeded on its journey.  Boone alleges that when the bus was on the highway, it appeared as though the driver was unable to control the bus, as it "suddenly swerved back and forth out of control badly." (*Id.*)  Boone also contends that the driver was speeding. (*Id.*)  At some point, the bus hit "something very hard, there was an enormous bang and the entire prison bus was tipped to the drivers side." (*Id.*)  Boone was projected airborne and thrown to the opposite side of the bus, causing injury to the back of his head, the left side of his torso, and his foot, and causing him to bleed from his nose and mouth. (*Id.*)

Boone was not removed from the bus for an hour, allegedly because the Pennsylvania Department of Corrections ("DOC") had to contact the Pennsylvania State Police for security. (*Id.*)  Boone was not able to move, and an emergency medical technician had to cut his clothes off and place him in a neck brace to treat him. (*Id.* at 9.)  He was taken by ambulance to Hershey Hospital, where he received "xrays etc." (*Id.*)  Although unclear, it appears Boone left the hospital in a second bus "identical to the one that had the accident" and that also sped. (*Id.*)  Boone alleges that on the second bus, he sustained injuries to his right and left leg, suffered a "busted head" and injured his lower back. (*Id.*)  It is unclear whether this is due to an exacerbation of the injuries he sustained on the first bus or whether he is alleging he incurred separate and distinct injuries on the second bus ride.

At some point, Boone arrived at SCI-Phoenix, where the head nurse photographed his injuries. (*Id.*)  Boone claims that the "pain and suffering" associated with his injuries has continued and that his assignment to a top bunk bed for over three months exacerbated his pain. (*Id.*)  He does not elaborate on these allegations.

Based on these events, Boone raises claims for deliberate indifference in violation of his Eighth Amendment rights.[5] (Am. Compl. at 8.) In that regard, he contends that the DOC[6] had a duty to inspect its buses and to ensure that the buses had seat belts, and that it knew or should have known that the vehicle transporting him was in a prior accident and had sustained "mechanical failures." (*Id.* at 10-13.) He also claims the DOC exhibited deliberate indifference by following a "customary policy" to contact police prior to removing any inmates from a bus after a crash. (*Id.* at 13.) According to Boone, "[a]ll Defendants" failed to ensure safe transportation, properly maintain the bus, warn him of the issues with the bus prior to his departure from SCI-Camp Hill, or properly supervise the officers who transported him. (*Id.* at 15-16.) Boone seeks monetary damages to compensate him for his injuries. (*Id.* at 5.)

## II. STANDARD OF REVIEW

The Court grants Boone leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[7] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure

---

[5] Although the Amended Complaint also cites the Fourteenth Amendment, the Eighth Amendment is the applicable provision here because Boone is a convicted and sentenced inmate. (*Id.* at 3-4.); *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). Indeed, nothing in the Amended Complaint suggests any basis for a claim under the Fourteenth Amendment.

[6] The body of the Amended Complaint suggests that Boone intended to name the DOC as a Defendant in this case, (Am. Compl. at 10), even though he did not include the DOC as a defendant in the caption or list it as a Defendant in the relevant portion of the form complaint that he used to prepare his pleading.

[7] However, as Boone is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Boone is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III. DISCUSSION

#### A. Section 1983 Claims

As noted above, Boone raises claims under § 1983 for deliberate indifference to his safety and his medical needs. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). For the following reasons, Boone has failed to state a § 1983 claim against the named Defendants.

#### 1. Claims Against SCI-Phoenix Medical Department and the DOC

Boone names the SCI-Phoenix Medical Department as a Defendant and, at times, it appears he intended to name the DOC itself as a Defendant. *See supra* n.6. States are not considered "persons" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S.

5

58, 65-66 (1989). Furthermore, the Eleventh Amendment bars suits against a state and its agencies in federal court when the state has not waived that immunity, *id.*, and the Commonwealth of Pennsylvania has not waived that immunity. *See* 42 Pa. Cons. Stat. § 8521(b). As a department of the Commonwealth, the DOC is similarly entitled to Eleventh Amendment immunity and is not a "person" for purposes of § 1983. *Lavia v. Pennsylvania, Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000) (explaining that, "[b]ecause the Commonwealth of Pennsylvania's Department of Corrections is a part of the executive department of the Commonwealth, it shares in the Commonwealth's Eleventh Amendment immunity" and is also not considered a person for purposes of § 1983); *see also Pettaway v. SCI Albion*, 487 F. App'x 766, 768 (3d Cir. 2012) (*per curiam*) ("[A]s a state agency and the prison it administers, the Department of Corrections and SCI-Albion are not 'persons' and thus cannot be sued under 42 U.S.C. § 1983."). The same is true of the SCI-Phoenix Medical Department. *Ruff v. Health Care Adm'r*, 441 F. App'x 843, 845-46 (3d Cir. 2011) (*per curiam*) (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973). The Court will therefore dismiss Boone's claims against the SCI-Phoenix Medical Department and any claims against the DOC as implausible.

## 2. Official Capacity Claims

Boone raises claims against Defendants Little and Sorber in their official capacity. "Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). Furthermore, "Eleventh Amendment immunity bars actions for retroactive relief against state officers acting in their official capacity." *Downey v. Pennsylvania Dep't of Corr.*, 968 F.3d 299, 309-10 (3d Cir. 2020). "Congress did not abrogate Eleventh Amendment immunity via § 1983," *id.* at 310, and

as noted above, Pennsylvania has not waived its immunity in federal court. Accordingly, the Court will dismiss Boone's official capacity claims as implausible because they are barred by the Eleventh Amendment.

### 3. Individual Capacity Claims Against Little and Sorber

Boone also raises claims against Little and Sorber in their individual capacity based on their alleged deliberate indifference to his health and safety in connection with the bus accident and treatment of his medical needs once he arrived at SCI-Phoenix.[8] An inmate states a plausible constitutional claim if he alleges facts reflecting that the Defendants acted with deliberate indifference toward his safety or his serious medical needs.[9] *See Farmer*, 511 U.S. at 837. A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*.

Importantly, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). In the context of supervisory liability, there

---

[8] Negligence is not actionable under § 1983. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). To the extent any of Boone's § 1983 claims are grounded in negligence, rather than deliberate indifference, they are dismissed as not plausible.

[9] "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted).

are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015).  First, a supervisor may be liable if he or she "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id*. (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)).  "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id*.

      Here, Boone has failed to specifically allege what Little and Sorber did or did not do to cause the claimed constitutional violations.  He does not allege what involvement they had regarding the status or maintenance of the bus upon which he was traveling.  The same is true of any claims related to the handling of Boone's medical needs.  Boone does not allege facts from which a plausible inference could be made that either Sorber or Little were aware of Boone's medical needs and acted or failed to act in a manner indicative of deliberate indifference to those needs.  Indeed, he fails to allege with specificity what his medical needs were once he arrived at SCI-Phoenix, whom he spoke to about those needs, and what care he did or did not receive at SCI-Phoenix.  Furthermore, Little was not appointed as Acting Secretary until long after the bus accident occurred, so it is even less clear how he is responsible for the events at issue in the Amended Complaint.  *See supra* n.3.  In sum, Boone has failed to allege facts supporting a plausible deliberate indifference claim against Little and Sorber.

### B. Negligence Claims

Liberally construing the Amended Complaint, it is possible that Boone also intended to raise negligence claims in connection with the bus accident. However, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."[10] Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). Since the Amended Complaint is silent on the citizenship of the parties, Boone has not met his burden for establishing a basis for diversity jurisdiction over any state claims.

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Boone's federal claims for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and will dismiss any state claims for lack

---

[10] Because the Court has dismissed Boone's federal claims, the Court will not exercise supplemental jurisdiction over any state law claims.

of subject matter jurisdiction.  Boone's § 1983 claims against the DOC, the SCI-Phoenix Medical Department, and the individual Defendants in their official capacity are dismissed with prejudice because Boone cannot cure the defects in those claims.  Boone's § 1983 claims against Little and Sorber in their individual capacity and any negligence claims are dismissed without prejudice.  The Court will give Boone an opportunity to file a second amended complaint in accordance with the Court's Order accompanying this Memorandum in the event he can cure the defects in the claims the Court dismissed without prejudice or state a plausible basis for a claim within the Court's jurisdiction against any proper Defendants who are responsible for the events at issue.  An appropriate Order follows, which provides further instruction as to amendment.

**BY THE COURT:**

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.**
**United States District Judge**