UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LAMONT BOONE,** : | |
|     Plaintiff, : | |
| : | |
| v. : | No. 21-cv-5364 |
| : | |
| **JOHN WETZEL,** *et al.*, : | |
|     Defendants. : | |

### O R D E R

**AND NOW**, this 28th day of March, 2022, upon consideration of Plaintiff Lamont Boone's Motion to Proceed *In Forma Pauperis* (ECF No. 8), his Prisoner Trust Fund Account Statement (ECF No. 10), and his *pro se* Amended Complaint (ECF No. 9), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Lamont Boone, #QD-8726, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI-Phoenix or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Boone's inmate account; or (b) the average monthly balance in Boone's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Boone's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Boone's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

    3.      The Clerk of Court is **DIRECTED** to send a copy of this order to the Superintendent of SCI-Phoenix.

    4.      The Amended Complaint is **DEEMED** filed.

    5.      The Clerk of Court is **DIRECTED** to amend the docket to reflect the defendants named in the Amended Complaint as follows:  (a) Gregory Little; (b) SCI-Phx Medical Dept.; and (c) Jamie Sorber.

    6.      The Amended Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons stated in the Court's Memorandum as follows:

    a.   Boone's § 1983 claims against the DOC, the SCI-Phoenix Medical Department, and the individual Defendants in their official capacity are **DISMISSED WITH PREJUDICE**;

    b.   Boone's § 1983 claims against Defendants Little and Sorber in their individual capacity are **DISMISSED WITHOUT PREJUDICE**; and

    c.   Any state law claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

    7.      Boone may file a second amended complaint within thirty (30) days of the date of this Order in the event he can cure the defects in the claims the Court dismissed without prejudice or state a plausible basis for a claim within the Court's jurisdiction against any proper Defendants who are responsible for the events at issue.  Any second amended complaint must identify all defendants in the caption of the second amended complaint in addition to identifying them in the body of the second amended complaint and shall state the basis for Boone's claims against each defendant.  The second amended complaint must also provide as much identifying information for the defendants as possible.  Boone may refer to a defendant by last name only if

that is the only identifying information possessed.  If Boone wishes to name individuals for whom he does not have any identifying information, he may refer to those individuals as John Doe #1, John Doe #2, etc.[1]  The second amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim.  When drafting his second amended complaint, Boone should be mindful of the Court's reasons for dismissing the claims in his Amended Complaint as explained in the Court's Memorandum.  Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

8.  The Clerk of Court is **DIRECTED** to send Boone a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number.  Boone may use this form to file his second amended complaint if he chooses to do so.[2]

9.  If Boone does not wish to amend his Complaint and instead intends to stand on his Amended Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Amended Complaint," and shall include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that

---

[1] Without the name of at least one individual or entity, however, the Court may be unable to direct service of any amended complaint that Boone may file.
[2] This form is available on the Court's website at http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

10. If Boone fails to file any response to this Order, the Court will conclude that Boone intends to stand on his Amended Complaint and will issue a final order dismissing this case.[3]  *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.**
**United States District Judge**

---

[3] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).